## UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

MARGERY KAIN,
           Plaintiff

v.

LIBERTY MUTUAL INSURANCE
COMPANY,
           Defendant

## COMPLAINT AND JURY DEMAND

### PARTIES

1.   Plaintiff Margery Kain is a resident of Boston, Suffolk County, Commonwealth of Massachusetts.

2.   Defendant Liberty Mutual Insurance Company is a corporation organized under the laws of the Commonwealth of Massachusetts, having a usual place of business in Boston, Suffolk County, Commonwealth of Massachusetts.

### FACTUAL ALLEGATIONS

3.   Since on or after March 21, 2019, Defendant has employed Plaintiff as a "Senior Executive Assistant."

4.   Defendant's employment of Plaintiff is covered by the minimum wage and overtime requirements of the Fair Labor Standards Act, 29 U.S.C. § 206 and § 207 ("the FLSA"), and the Massachusetts Overtime Law, G.L. c. 151, § 1A ("the Massachusetts Overtime Law").

5.   The overtime requirements of the FLSA and Massachusetts Overtime Law requires covered employers to pay their covered employees at 1.5 times their "regular rate of pay" for all

hours they are required or permitted to suffer work in excess of 40 hours worked in their regularly recurring seven-day workweeks. 29 U.S.C. § 207(a)(1).

6.   Under Massachusetts law, "working time" includes "all time during which an employee is required to be on the employer's premises or to be on duty, or to be at the prescribed work site, and any time worked before or beyond the end of the normal shift to complete the work." 455 C.M.R. § 2.01.

7.   Defendant's employment of Plaintiff throughout this time has also been subject to the Massachusetts Wage Act, G.L. c. 149, § 148 ("the Wage Act"), which requires a covered employer to pay its employees all their earned wages within no less than six days after the termination of their regularly recurring pay periods.

8.   From on or after March 22, 2019 to the present, Defendant, by its agents, has scheduled Plaintiff to work Monday to Friday, from 8:00 a.m. to 5:00 p.m., in a regularly recurring seven-day workweek between Sunday and Saturday.

9.   During this time, Defendant, by its agents, including one Enrique Huerta, has knowingly required or permitted Plaintiff to work both before and after 8:00 a.m. and 5:00 p.m., and on weekends, but has not counted this time as compensable time worked in calculating straight time or overtime wages due Plaintiff.

10. In addition to considering the work Plaintiff performed outside of 8:00 a.m. to 5:00 p.m. Monday through Friday as non-compensable "off the clock" work, from on or after March 22, 2019 to the present, Defendant has uniformly considered one hour of Plaintiff's daily work schedule to comprise an unpaid "lunch break," despite the knowledge of its agents, including Mr. Huerta, that Plaintiff:

11. performs work throughout her 8:00 to 5:00 p.m. work day, and does not take uninterrupted lunch breaks of one hour in which she performs no work;

12. is required to perform work or required to be ready to perform or suffer work throughout her 8:00 a.m. to 5:00 p.m. work day, without regard to any supposed one hour lunch break;

13. is never fully relieved of all work-related duties for any period during her 8:00 a.m. to 5:00 p.m. work day, let alone for one hour each day, including because Plaintiff has always been required, at all times during her work day, to remain available to immediately respond to and perform work for her superiors, including Mr. Huerta.

## COUNT I
## VIOLATION OF THE FLSA-FAILURE TO PAY OVERTIME
### Violation of 29 U.S.C. § 207(a)

14. Plaintiff incorporates by reference all allegations made herein.

15. For all hours of work performed in excess of 40 in a regularly recurring seven-day workweek, the FLSA requires a covered employer to pay an employee at an overtime rate of pay that is not less than one and one-half [i.e. 1.5] times the regular rate at which the employee is employed.

16. The FLSA and its overtime requirement covers Defendant's employment of Plaintiff.

17. In violation of the FLSA, Defendant did not pay Plaintiff 1.5 times her regular rate of pay for the hours she worked in excess of 40 in her regularly recurring seven-day workweeks, including because it did not count as compensable time worked in computing overtime due Plaintiff: (1) the work Plaintiff performed "off the clock"; or (2) the one hour each day it deemed as an unpaid, one-hour lunch break.

18. Plaintiff has suffered harm, injury and damages due to Defendant's illegal acts, including in that she was not paid overtime wages due and owing to her under the FLSA.

19. Attached hereto as Exhibit 1 is Plaintiff's FLSA Consent Form authorizing this suit under 29 U.S.C. § 216(b).

4

## COUNT II
## FAILURE TO PAY OVERTIME
### Violation of G.L. c. 151, § 1A

20. Plaintiff incorporates by reference all allegations made herein.

21. For all hours of work performed in excess of 40 in a regularly recurring seven-day workweek, the Massachusetts Overtime Law requires a Massachusetts employer to pay an employee at an overtime rate of pay that is not less than one and one-half [i.e. 1.5] times the regular rate at which the employee is employed.

22. The Massachusetts Overtime law covered Defendant's employment of Plaintiff.

23. In violation of the Massachusetts Overtime Law, Defendant did not pay Plaintiff 1.5 times her regular rate of pay for the hours she worked in excess of 40 in her regularly recurring seven-day workweeks, including because it did not count as compensable time worked in computing overtime due Plaintiff: (1) the work Plaintiff performed "off the clock"; or (2) the one hour each day it deemed as an unpaid, one-hour lunch break.

24. Plaintiff has suffered harm, injury and damages due to Defendant's illegal acts, including in that she was not paid overtime wages due and owing to her under the Massachusetts Overtime Law.

## COUNT III
## FAILURE TO PAY EARNED WAGES
### Violation of G.L. c. 149, § 148

25. Plaintiff incorporates by reference all allegations made herein.

26. A wage is earned under the Wage Act where the employee has completed the labor, service, or performance required of the employee. *Calixto v. Coughlin*, 481 Mass. 157, 160 (2018), *citing Awuah v. Coverall N. Am. Inc*, 460 Mass. 484 (2011).

27. Correspondingly, the Wage Act's requirement of timely payment is secured by virtue of the work or service actually performed.  *Calixto*, 481 Mass. at 161, *citing Mass. State Police Commissioned Officers Ass'n v. Commonwealth*, 462 Mass. 219, 226 (2012).

28. Under Massachusetts law, "working time" includes "all time during which an employee is required to be on the employer's premises or to be on duty, or to be at the prescribed work site, and any time worked before or beyond the end of the normal shift to complete the work." 455 C.M.R. § 2.01.

29. Defendant did not pay Plaintiff for all wages she earned by performing work for it within the time required by the Wage Act, including because it has never paid her straight time or overtime wages for her off the clock work, or for the work she performed during the one hour in each of her work days Defendant has illegally considered as consisting of unpaid lunch breaks.

30. By its failure to pay Plaintiff her earned wages within the time required by the Wage Act, Defendant has caused Plaintiff to suffer harm, injury, and damages.

31. Plaintiff has satisfied all prerequisites to suit under G.L. c. 149, § 148. (Ex. 2.)

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

A.      Judgment awarding Plaintiff s all unpaid wages, overtime wages, liquidated damages, treble damages, attorneys' fees and costs, including as mandated by 29 U.S.C. § 216(b), and G.L. c. 149, § 150;

B.      An award of pre- and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

C.      All such other and further relief to which Plaintiffs may show themselves to be justly entitled.

**JURY DEMAND**

A trial by jury is demanded on all counts so triable.

Respectfully submitted,

PLAINTIFF MARGERY KAIN,

By her Attorney,

s/Daniel W. Rice
Daniel W. Rice, BBO # 559269
Harrington & Rice, P.C.
738 Main Street
Hingham, MA 02043
(781) 964-8377 (mobile)
dwr@harringtonrice.com

Dated: March 22, 2022